IN THE UNITED STATES
DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MERIDITH LIABLE** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 4:15-CV-00306<br>)<br>) |
| **ROCKPORT FINANCIAL, LLC, d/b/a**<br>**REGIONAL CREDIT SERVICES, INC.** | )<br>)<br>) |
| Serve at:<br>1201 Jefferson Street, Suite 150<br>Washington, Missouri 63090 | )<br>)<br>)<br>) |
| Defendant. | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Meridith Liable, and for her Class Action Complaint states as follows:

## INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. Plaintiff demands a jury trial on all issues so triable.

## JURISDICTION

3. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

## PARTIES

4. Plaintiff is a natural person currently residing in Saint Louis County. Plaintiff is a "consumer" within the meaning of the FDCPA. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

5. Defendant is a Missouri corporation with its principal office in Washington, Missouri. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

7. Beginning on or about September 22, 2014, Defendant sent a collection letter to Plaintiff in an attempt to collect a debt owed to Specialists In Gastroenterology ("SIG"). **Exhibit 1.**

8. In that letter, Defendant states that, "A $3.00 convenience fee will be added to credit/debit card payments.

9. The notification and collection of the $3.00 convenience fee is unlawful. *Shami v. National Enter. System.,* 2010 WL 3824151 (E.D.N.Y. September 23, 2010), *Quinteros v. MBI Associates, Inc.*, 2014 WL 793138 (E.D.N.Y. Feb. 28, 2014).

10. In October 2014, The Consumer Financial Protection Bureau (CFPB) Tuesday released its Supervisory Highlights report for Fall 2014. Among the highlights were recent examinations of larger market participant debt collectors resulting in identification of "an unfair practice and several violations of the Fair Debt Collection Practices Act." **Exhibit 2.**

11. In that report, the CFPB highlighted the unlawful imposition of convenience fees as an unfair practice and violation of the FDCPA. **Exhibit 2 at pg. 7.**

12. Upon information and belief, Defendant is not authorized either by law or by the agreement creating the debt to impose a convenience fee against Plaintiff.

13. Defendant's convenience fee demand is in violation of 15 USC §§ 1692f(1) for engaging in deceptive practices, by making false representation that it was entitled to receive compensation for payment by credit or debit card, or by collecting an amount that was not authorized by contract or permitted by law.

## **CLASS ALLEGATIONS**

14. Upon information and belief, it is Defendant's routine business practice to engage in the collection tactics described above.

15. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this action is brought by Plaintiff, on behalf of himself and all others similarly situated, who are members of the following class (the "Class") against Defendant:

> All consumers within Missouri who were (a) sent a collection letter on Defendant's letterhead in substantially the same form as the letter sent to Plaintiff on or about September 22, 2014 sent within one year prior to the date within the Complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt;(c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2) and 1692f(1) for making a false representation that it was entitled to received compensation for payment by credit or debit card.

16. Excluded from the Class are (a) Defendant, its employees, officers, directors, and all persons who have or had a controlling interest in Defendant; (b) Defendant's legal representatives, predecessors, successors, and assigns; (c) the judge to whom this case is assigned and such judge's immediate family; (d) Plaintiff's attorneys and their employees; and (e) all persons who properly execute and file a timely request for exclusion from the Class.

17. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveal that the Class should be expanded or modified.

18. Upon information and belief, members of the Class are so numerous that joinder is impracticable. Plaintiff believes that Defendant is a high volume debt collector who attempts to collect thousands of consumer debts throughout Missouri.

19. Upon information and belief, Defendant has engaged in the improper collection communications described above with at least hundreds and possibly thousands of consumers.

20. Plaintiff is a member of the Class that she seeks to represent.

21. There are no unique defenses that Defendant can assert against Plaintiff individually, as distinguished from the Class.

22. Plaintiff will assure the adequate representation of all members of the Class and will have no conflict with members of the Class in the maintenance of this action. Plaintiff's claims are typical of the Class and are antagonistic to the interests of the Defendant.

23. Plaintiff has no interest or relationship with Defendant that would prevent her from litigating this matter fully. Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the Class claims throughout the course of this action.

24. A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the members of the Class are virtually identical in that they raise the same questions of law and involve the same methods of collection contact by Defendant.

25. Most, if not all, of the facts needed to determine damages are obtainable from Defendant's records.

26. The purposes of the FDCPA will be best effectuated by a class action.

27. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

28. Furthermore, as damages suffered by most members of the Class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the Class individually to redress the wrongs done to them.

29. Many, if not all, class members are unaware that claims exist against Defendant. There will be no unusual difficulty in the management of this action as a class action.

30. There are questions of law and fact common to the Class that predominate over any question affecting only individual members of the Class including: (a) Whether Defendant is a "debt collector" pursuant to the FDCPA; (b) whether the liability that Defendant was seeking to collect from members of the Class constitute "consumer debt" under the FDCPA; (c) Whether Defendant sent out the collection letter in an attempt to collect a debt due to another; and (d) whether Defendant's attempts to collect compensation for payment by credit or debit card violate the FDCPA.

31. Because many members of the Class are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

32. Plaintiff's counsel has the necessary financial resources to adequately and vigorously litigate this class action. Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

33. All Class members have been damaged in precisely the same fashion, by precisely the same conduct. The loss suffered by individual members of the Class is calculable and ascertainable.

## COUNT I: VIOLATION OF THE FDCPA

34. Plaintiff re-alleges and incorporated herein by reference each of the allegations contained and set forth in paragraphs 1 through 30 of this Class Action Complaint as if such were fully set forth herein.

35. In its attempts to collect the alleged debt from Plaintiff, Defendant has violated § 1692e(2) and § 1692f(1) of the FDCPA by using false impressions to characterize the amount of the debt and by attempting to collect an amount not permitted by law.

WHEREFORE, Plaintiff Meridith Liable, individually and on behalf of the proposed Class, request that the Court enter judgment against Defendant in her favor and provide the following relief:

(a) Certify this action as a class action and appoint Plaintiff as a representative of the Class;

(b) Appoint the undersigned counsel as counsel for the Class;

(c) Award Plaintiff statutory damages, costs and reasonable attorney's fees against Defendant pursuant to 15 U.S.C. § 1692(k) for Defendant's violations of the FDCPA;

(d) Award class counsel reasonable attorneys' fees and all expenses of this action and require Defendant to pay the costs and expenses of class notice and claim administration;

(e) Award Plaintiff an incentive award based upon her time expended on behalf of the Class and other relevant factors;

(f) Grant such other and further relief as the Court deems just and proper.

**THE EASON LAW FIRM, LLC**

/s/ James W. Eason
_____
**JAMES W. EASON, #57112
124 Gay Avenue, Suite 200
St. Louis, Missouri 63105
Phone: (314) 932-1066
Fax:    (314) 667-3161
Email: james.w.eason@gmail.com**