UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MERIDITH LIABLE | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ROCKPORT FINANCIAL, LLC d/b/a<br>REGIONAL CREDIT SERVICES, INC. | )<br>) CASE NO.: 4:15-CV-00306-ERW<br>) |
| Defendant. | )<br>)<br>) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Rockport Financial, LLC's Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 15].

**I.     BACKGROUND**

This lawsuit arises out of a debt collection letter allegedly sent by Defendant Rockport Financial, LLC ("Defendant") to Plaintiff Meridith Liable ("Plaintiff") in an attempt to collect a debt relating to services provided to Plaintiff by Specialists In Gastroenterology [*See* ECF No. 13-1]. According to Plaintiff, the letter included the following phrase: "A $3.00 convenience fee will be added to credit/debit card payments" [ECF Nos. 13 at ¶ 8; 13-1].

In February 2015, Plaintiff initiated this lawsuit by filing her "Class Action Complaint" in this Court [ECF No. 1]. Plaintiff's Motion for Class Certification has been held in abeyance pending further Orders of this Court [ECF No. 12]. Following Defendant's first Motion to Dismiss [ECF No. 8], Plaintiff filed her "First Amended Class Action Complaint" [ECF No. 13]. In her First Amended Complaint, Plaintiff alleges the "notification and collection of the $3.00 convenience fee is unlawful" [ECF No. 13 at ¶ 9]. The Amended Complaint also states,

"Defendant is not authorized either by law or by the agreement creating the debt to impose a convenience fee against Plaintiff" [ECF No. 13 at ¶ 12]. The Amended Complaint further asserts, "Defendant's convenience fee demand is in violation of 15 [U.S.C.] §[] 1692f(1) for engaging in deceptive practices, making false representation that it was entitled to receive compensation for payment by credit or debit card, or by collecting an amount that was not authorized by contract or permitted by law" [ECF No. 13 at ¶ 13]. Additionally, the Amended Complaint alleges, "In its attempts to collect the alleged debt from Plaintiff, Defendant has violated § 1692e(2) and § 1692f(1) of the FDCPA by using false impressions to characterize the amount of the debt and by attempting to collect an amount not permitted by law" [ECF No. 13 at ¶ 35].

On May 25, 2015, Defendant filed the pending Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim [ECF No. 15].

## II. STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court accepts "as true all of the factual allegations contained in the complaint," and affords the non-moving party "all reasonable inferences that can be drawn from those

allegations" when considering a motion to dismiss. *Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (internal quotations and citation omitted). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (internal citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

A well-pleaded complaint may not be dismissed even if it appears proving the claim is unlikely and if the chance of recovery is remote. *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). However, where the allegations on the face of the complaint show "there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Young v. St. John's Mercy Health Sys.*, No. 10-824, 2011 WL 9155, at *4 (E.D. Mo. Jan. 3, 2011) (internal citation omitted). Further, if a claim fails to allege one of the elements necessary to recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Bare assertions constituting merely conclusory allegations failing to establish elements necessary for recovery will not suffice. *See id.* ("Plaintiffs, relying on facts not in the complaint, make bare assertions that [defendants] were not just lenders, but owners that controlled the RICO enterprise . . . these assertions are more of the same conclusory allegation . . . "). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

### A. *Plaintiff's § 1692e(2) Claim*

Defendant first claims Plaintiff has "failed to state a claim for a violation of § 1692e(2)," arguing the conduct alleged by Plaintiff (sending a collection letter imposing a $3.00 convenience fee on credit and debit card payments) does not violate § 1692e(2) as a matter of law. In support of its argument, Defendant relies heavily on *Lee v. Main Accounts, Inc.*, 124 F.3d 855 (6th Cir. 1997). At issue in *Lee* was language in a debt collection letter imposing a 5% charge if the consumer paid with a credit card. *Id.* at *1. In affirming the district court's granting of summary judgment in favor of the defendant, the Sixth Circuit Court of Appeals determined the nature of the 5% transaction fell "outside the scope of § 1692e(2)," adding, "Nor did this language amount to an 'attempt' to collect an extra fee under § 1692f(1)." *Id.* In determining the language in the letter did not violate the FDCPA, the Sixth Circuit emphasized the consumer's *option of choosing* from various payment methods (not all of which involved a fee), as well as the identity of the fee collector and recipient of the fee. The court stated, "First, the five-percent transaction fee mentioned in the letter is not a fee collected by [the defendant], but a third-party charge triggered when the debtor chose the option of paying by credit card. Secondly, [the defendant] did not force Lee to pay any surcharge and would not have received any additional compensation from the credit card fee." *Id.*

Relying on *Lee*, Defendant asserts Plaintiff's § 1692e(2) claim should be dismissed because "Plaintiff had payment options available to her that did not require her to pay a convenience fee" [ECF No. 16 at 4]. In supporting its contention, Defendant notes, "Neither the

letter nor the Complaint stated that convenience fees would be charged for payment methods other than credit and debit card payments" [ECF No. 16 at 4]. As a result, Defendant concludes, "Plaintiff's Complaint failed to state a claim because Defendant's convenience fee was clearly identified to Plaintiff, and she would only incur the fee if she voluntarily exercised one of the multiple payment options given, some of which did not require the payment of the convenience fee" [ECF No. 16 at 7].

The logic of *Lee* does not require the dismissal of Plaintiff's § 1692e claim at this particular point in time. As noted above, the Sixth Circuit emphasized both the issue of choice (payment options) and the issue of whether the creditor would receive additional compensation from the convenience fee. Based on the collection letter attached to this lawsuit, Plaintiff appeared to have payment options, but even if the Court were to assume this, the question of whether Defendant would receive additional compensation from the convenience fee would still be unanswered. These factual questions are more appropriately handled at the summary judgment stage. Indeed, the plaintiff's claims in *Lee* were dismissed at summary judgment, which lessens that decision's applicability to this case's present procedural posture.[1] At this point in time, the Court will refrain from applying the logic from *Lee* to dismiss Plaintiff's § 1692e(2) claim. Therefore, this aspect of Defendant's Motion will be denied.

### B. Plaintiff's § 1692f(1) Claim

---

[1] Similarly, in support of its *Lee*-based argument, Defendant also relies on *Stricklin v. First Nat. Collection Bureau, Inc.*, 2012 WL 1076679 (S.D. Ill. March 30, 2012). However, the *Stricklin* case also involves adjudication at summary judgment, and the decision is at least partially based on a party's failure to provide the Court with evidence. *Id.* at *9 ("Stricklin has chosen not to provide extrinsic factual evidence and so the Court cannot know whether a significant amount of the population would be confused in spite of the fact it is not plainly confusing or plainly violating the FDCPA."). Thus, *Stricklin* is also inapplicable at this time.

5

Similarly, Defendant also relies on *Lee* in asking the Court to dismiss Plaintiff's § 1692f(1) claim. Citing *Lee*, the Defendant asserts the "convenience fee [here] is not the same as the 'interest, fee, charge, or expense incidental to the principal obligation' contemplated by § 1692f(1) because the consumer is voluntarily choosing to authorize the transaction fee when selecting one of the multiple methods to pay the debt" [ECF No. 16 at 6]. Defendant seeks to characterize the $3.00 transaction fee as "the consumer and debt collector contracting for a separate and additional service regarding the processing of a credit/debit card payment" [ECF No. 16 at 7].

For the same reasons discussed above,[2] the Court will not presently apply the logic from *Lee* to dismiss Plaintiff's § 1692f(1) claim.[3] The other case cited by Defendant in support of its argument, *Lewis v. ACB Business Services, Inc.*, 911 F.Supp. 290, 293 (S.D. Ohio 1996), like *Lee*, involved dismissal of claims at a later stage,[4] where the "uncontradicted evidence proved that any such fee, voluntarily chosen by the debtor if he or she chose this payment option, would not be paid to [defendant] or any entity it controlled and was a standard fee charged by the processor of the payment, an independent entity." *Lewis*, 911 F.Supp. at 293. Thus, *Lewis* will not be applied for the same reasons. Finally, Defendant cites a case involving the Federal Trade Commission in arguing, "[T]he convenience fee language [here] fits the conditions set out by the FTC" [ECF No. 16 at 7]. However, Defendant does not provide any legal authority convincing the Court to use these purported FTC requirements in determining whether a claim under §

---

[2] Again, *Lee* is not directly applicable to this case's procedural posture. The *Lee* decision, made at the summary judgment phase, emphasized factual determinations not yet made in this case.
[3] The Court also notes the passage from *Lee* quoted by Defendant (in relation to the § 1692f(1) claim) reflects a determination made by the Sixth Circuit on the basis of Ohio state law, and thus, has no bearing on the present case [ECF No. 16 at 6]. *See Lee*, 125 F.3d at *1 (citing Ohio Rev. Code Ann. § 1345.03(B)(5)).
[4] In *Lewis*, the claims were dismissed through a motion for judgment as a matter of law.

6

1692f(1) has been sufficiently stated. Therefore, the aspect of Defendant's Motion relating to § 1692f(1) will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Rockport Financial, LLC's Motion to Dismiss [ECF No. 15] is **DENIED**.

Dated this 12th Day of August, 2015.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE